IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRAVELERS CASUALTY AND                                        PLAINTIFF
SURETY COMPANY OF AMERICA

VS.                                              CAUSE NO.  1:18-CV-0003

ADVANCE CONSTRUCTION SERVICES, INC.,                DEFENDANTS
d/b/a ADVANCE CONSTRUCTION SERVICES, INC.
OF ALABAMA, ROBERT D. NAJOR, and
CHERYL S. NAJOR.
_____

## COMPLAINT FOR INDEMNITY AND EXONERATION OF TRAVELERS
_____

COMES NOW, Travelers Casualty and Surety Company of America ("Travelers") and files this, its Complaint for Indemnity and Exoneration against Advance Construction Services, Inc. d/b/a Advance Construction Services, Inc. of Alabama ("ACS"), Robert D. Najor and Cheryl S. Najor (Defendants collectively are hereinafter referred to as the "Indemnitors").

## I. PARTIES, JURISDICTION AND VENUE

1.     Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located Hartford, Connecticut.

2.      Defendant, ACS is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 100 Magnolia Court, Brewton, AL 36426.  ACS may be served with process via its registered agent Robert D. Najor at 100 Magnolia Court, Brewton, AL 36426.

3.      Robert D. Najor is an adult resident citizen of the State of Alabama, whose address for service of process is 100 Magnolia Ct., Brewton, Alabama 36426.

4.      Cheryl S. Najor is an adult resident citizen of the State of Alabama, whose address for service of process 100 Magnolia Ct., Brewton, Alabama 36426.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C § 1391, as the defendants either reside in and/or are located in the Southern Division of the Southern District of Alabama.

## II. <u>FACTUAL ALLEGATIONS</u>

7.      On July 17, 2000, the Indemnitors executed a General Agreement of Indemnity (the "Indemnity Agreement") in favor of Travelers.[1]  By entering into the General Agreement of Indemnity, the Indemnitors promised to separately and

---

[1] A true and correct copy of the General Agreement of Indemnity attached hereto as Exhibit "A" and incorporated herein by reference.

severally indemnify, exonerate, defend, and hold Travelers harmless from all loss, cost, or expense which might result from the issuance of any payment and performance bonds on behalf of ACS.[2]

8.    In executing the Indemnity Agreement, the Indemnitors agreed, among other things:

> **3.    Indemnification and Hold Harmless:** The Indemnitor shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having executed, or procured the execution of such Bonds. Expense includes the cost of procuring or attempting to procure the release from liability, or in bringing suit to enforce this Agreement against any Indemnitor.
>
> **4.    Claim Settlement:** The Company shall have the right, in its sole discretion, to determine for itself and the lndemnitor whether any claim or suit brought against the Company or the lndemnitor upon any such Bond shall be paid, compromised, settled, defended or appealed, and its decision shall be binding and conclusive upon the lndemnitor. An itemized statement thereof sworn to by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of lndemnitor's liability. The Company shall be entitled to reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

---

[2] Two other individuals also executed the General Agreement of Indemnity in conjunction with the defendants. On December 11, 2014, the non-party indemnitors, Robert L. Najor and Leigh G. Najor, filed for bankruptcy in the Southern District of Alabama, Case No. 14-04041, which stayed all collection efforts against the two. Travelers accordingly does not seek to enforce its contractual rights against Robert L. Najor and Leigh G. Najor in this action.

> **7.   Joint and Several Liability**: The obligations of each lndemnitor hereunder are joint and several. The Company is authorized to settle with any one or more of the lndemnitors individually, and without reference to the others, and such settlement shall not bar or prejudice actions against or affect the liability of the others. [3]

9.   At the request of the defendants and in reliance of the Indemnity Agreement"), Travelers issued a Performance Bond, bond number 076-SB-103920339 (the "Bond") on behalf of ACS securing the contractor's obligations under an agreement with United States of America for a construction project pursuant to a contract identified as Contract No. DACW38-03-C-0004 (hereinafter referred to as the "Bonded Contract").[4]

10.   Travelers would not have issued the Performance Bond on behalf of ACS if it did not have an executed General Agreement of Indemnity from all defendants.

11.   ACS defaulted on its obligations under the Bonded Contract, which resulted in a claim being made on the performance bond.  Travelers investigated and paid $4,650,000 due to ACS' default on the bonded contract.  To date, Travelers has been able to recover $289,597.65 and has credited that amount to the Indemnitors, leaving a balance due and owing to Travelers of $4,360,402.35 (the "Debt").

---

[3] *See* Exhibit A.
[4] A true and correct copy of the Bond is attached hereto as Exhibit "B" and incorporated herein by reference.

12.     Travelers has attempted on multiple occasions to recover the Debt from the Indemnitors.  On April 4, 2016, May 16, 2016, August 4, 2016, and September 11, 2017, Travelers sent letters to the Indemnitors demanding payment in accordance with the provisions of the Indemnity Agreement.[5]

13.     To date, the defendants have failed to honor these requests and have otherwise refused to perform their obligations to Travelers as specified by the Indemnity Agreement.

### III.  CLAIMS FOR RELIEF

### COUNT I
### BREACH OF INDEMNITY AGREEMENT

14.     Travelers incorporates by reference all facts and allegations contained in paragraphs 1 through 13 above.

15.     By refusing to indemnify Travelers for the amount of the Debt, the Indemnitors breached their obligations to Travelers under the Indemnity Agreement.

16.     Travelers is entitled to a judgment from the defendants from and against any and all loss, cost and expense, including attorneys' fees it has incurred or sustained or hereafter incurs or sustains as a result of or in connection with the Performance Bond and the enforcement of the Indemnity Agreement, including the initiation and the prosecution of this action.  To date, this amount is $4,360,402.35.

---

[5] Copies of the April 4, 2016, May 16, 2016, August 4, 2016, and September 11, 2017 letters are attached hereto as Exhibit "C" and incorporated herein by reference.

## COUNT II
## CLAIM UNDER ALA. CODE §8-3-5

17.     Travelers incorporates by reference all facts and allegations contained in paragraphs 1 through 16.

18.     Ala. Code § 8-3-5 states:

> Payment by a surety or endorser of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal.

19.     Pursuant to Ala. Code § 8-3-5, ACS is liable to indemnify Travelers and hold it harmless from all losses and/or expenses (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses that Travelers has sustained or incurred by reason of having executed the Bond.

20.     To date, those losses total $4,360,402.35, but will increase throughout the course of this litigation.

**WHEREFORE,** Travelers Casualty and Travelers Company of America prays for a judgment in its favor against the defendants jointly and severally as follows:

(a)     for a judgment in favor of Travelers Casualty and Surety Company of America and against Advance Construction Services, Inc., Robert D. Najor, and Cheryl S. Najor, jointly and

severally, for breach of indemnity agreement equal to the amount of losses, costs and expenses, including attorney's fees, that Travelers has incurred or sustained in connection with the Performance Bond in such an amount as may be shown by the evidence but, which, to date total $4,360,402.35; and

(b)     for judgment in favor of Travelers Casualty and Surety Company of America and against Advance Construction Services, Inc. for all liabilities, losses and expenses, including costs and attorney's fees, incurred by Travelers Casualty Surety Company of America as a result of having executed the Performance Bond;

(c)     That there be judgment in favor of Travelers Casualty and Surety Company of America against Advance Construction Services, Inc., Robert D. Najor, and Cheryl S. Najor, jointly and severally, for all costs and attorney's fees incurred in bringing the captioned action;

(d)     for such other relief that the Court deems just and appropriate.

Respectfully submitted this 3rd of January, 2018.

KREBS | FARLEY, PLLC

By: /s/ *Alec M. Taylor*
ALEC M. TAYLOR (ASB-0501-c63t)
*Counsel for Travelers Casualty and Surety Company of America*

Krebs Farley PLLC
258 Market Street
Flowood, Mississippi 39232
(601) 968-6710
(601) 968-6708 (fax)
ataylor@kfplaw.com

DEFENDANTS TO BE SERVED BY SPECIAL PROCESS SERVER:

Robert D. Najor
100 Magnolia Ct.
Brewton, Alabama 36426

Cheryl S. Najor
100 Magnolia Ct.
Brewton, Alabama 36426

Advance Construction Services, Inc.
d/b/a Advance Construction Services, Inc. of Alabama
c/o Robert D. Najor
100 Magnolia Ct.
Brewton, Alabama 36426